GRIFFIN, Judge.
This is the appeal of a final judgment issued after a non-jury trial. Appellant, Nationwide Mutual Insurance Company (“Nationwide”), the plaintiff below, sought to recover from its principal, Danny J. Archer (“Archer”), payments it had made under a utility bond issued to Orlando Utilities Commission (“OUC”). We affirm.
In 1986, Archer purchased a grocery store called Dan’s Market. In order to obtain utilities service from OUC, Archer was required to post a bond or pay a deposit. He obtained a bond from insurance agent, Norman Donahue (“Donahue”), issued by Nationwide Insurance. Both the account and the bond were in Archer’s name individually as “Danny Archer d/b/a/ Dan’s Market” even though the business was a separate entity, Dan’s Market, Inc. In March 1987, Archer sold the corporation to James Boyd (“Boyd”). Archer never cancelled or transferred the utilities account, however, and remained liable to OUC for the utility service. Nationwide sent the renewal bond premium notices to Archer at the business address and OUC continued to bill Archer for utility service at the business address. Boyd paid the bond premiums and the utility bills for three years, but the business apparently failed, Boyd disappeared, and the OUC account was left unpaid. After the default, OUC made a claim against Nationwide on the bond, and Nationwide paid OUC $10,-000, the limit of its bond. Nationwide then sought to recover from Archer on theories of indemnification and subrogation.
Archer defended on the ground that he had told Donahue (whom the parties stipulate was Nationwide’s agent) that he had sold the business and that Donahue should transfer “all of our insurances” to Boyd. Donahue testified that he transferred the insurance covering the business but did not understand he was supposed to take any action concerning the utility bond. After a non-jury trial, the court entered a final judgment for Archer, awarding him costs of $449.
. Nationwide argues the trial court’s judgment was based on findings of irrelevant facts, i.e., that “the debt” became the debt of Boyd, not Archer, from the time Nationwide (through Donahue) was put on notice of the sale of the business and upon payment by Boyd of premium notices sent to the business instead of Archer. The relevant facts, asserts Nationwide, are that the utility account remained in Archer’s name individually even after the sale of the business, that he remained liable to OUC, and that upon Nationwide’s payment of Archer’s debt to OUC under the bond, Nationwide had a right to be indemnified by its principal.
Nationwide is correct that even if Archer were taken off the bond or the bond were cancelled, Archer’s liability to OUC would not have been extinguished; for that to occur he had to notify OUC, which he admitted he failed to do. Archer relies on the supposition, unsupported in the record, that if Donahue had either terminated the bond or taken action to transfer it to Boyd, Archer’s obligation to OUC would also have been terminated (i.e., if Donahue had can-celled the bond, OUC would have terminat *56 ed the Archer account.) Nationwide is also correct that it had no choice but to pay when presented with the claim even if the debt for utilities service was properly Boyd’s, because Archer, Nationwide’s principal, remained liable on the OUC account.[1]
Nevertheless, the trial court also found that Archer effectively terminated bond coverage by requesting Donahue to transfer insurance coverages on the business. If Donahue had done what the trial court found he had been told to do by Archer, Nationwide would have had no exposure to OUC. Under the terms of the bond, Nationwide had the absolute right to cancel the bond on sixty-days’ notice. If Donahue had done as the court found he was asked, the bond would have had to be reissued to Boyd or cancelled. In other words, although Donahue’s error did not cause Archer’s continuing exposure on the OUC account, it did cause Nationwide’s exposure to OUC. Ironically, Archer was protected from the consequences of his own negligence by the error of Donahue in leaving the bond in place. Because Nationwide’s obligation to OUC resulted from its own agent’s error, neither indemnification nor subrogation provides Nationwide a remedy against Archer.
AFFIRMED.
COBB and PETERSON, JJ., concur.

. Nationwide’s case citations holding that a surety is entitled to indemnification if it pays a debt not owed by the principal, provided the surety pays in good faith, are thus inapplicable in the present case.